By the Court, Peckham, J.
It seems to me that this judgment cannot be upheld. The testimony of Peter P. Schoonmaker, that his harness had been stolen two or three weeks prior to the time of the burglary charged in this case, was immaterial to this issue, and was erroneously admitted.
The question before the court was, whether the prisoner had burglariously stolen the property charged in the indictment. The harness of Schoonmaker was not even found in the box where the property of the com *665 plainant was found. It was found on the same boat, in a different part, and was stolen some two or three weeks before.
This proof had no direct tendency to show that the prisoner stole the property referred to in this indictment. It did not prove that the one who had stolen that, had necessarily stolen this property. It showed, or tended to show, that the prisoner was a thief, and, therefore, more likely to have stolen this property than if he had been honest. If that proof were proper, then the prosecution might in the first instance prove the bad character of a prisoner, and thus show him more likely to have committed the crime charged. This, however, would not be contended for, yet the one kind of evidence is just as admissible as the other.
The testimony to be relied upon by the prosecution must have a direct bearing upon the crime sought to be charged upon the prisoner. This testimony is loose and indirect— inconclusive- and dangerous. The people might have properly shown the condition of things where this property was found, but they could not prove another felony unless it was so connected with the felony charged as to prove, or strongly tend to prove, that the man who committed the one was guilty of the other. I remember a case of one Dunbar, tried for the murder of a boy, in Albany county. It appeared that two little boys had been murdered the same afternoon, and on the same farm—were left together about midday, and were killed that afternoon. One was found, within a few days, hanging in a tree; the other some distance off, on the same farm, killed by a flail and partly buried. There was other evidence tending strongly to show that the same person must have killed both. On the trial for killing the one found buried, evidence was offered and received that the nails in the prisoner’s boots fitted precisely the marks made in climbing the tree where the other boy was found suspended. *666 That testimony, I think, was clearly proper. (See 2 Leach, 285; Reg. v. Oddy, 6 Brit. Cr. Ca., 264-266.)
The principle is plain and clear, and I do not think authorities are required, although they are numerous. The charge of the judge was substantially right; but, for the error in admitting improper evidence, the judgment must be reversed.
Hogeboom, J.
I concur in the result of the foregoing opinion, and am, on the whole, inclined to concur in the ground upon which the opinion is placed.
As to the Oberbagh harness, I should not be disposed to grant a new trial. It was in the same box with the Gaston property, and the contents of the box were, I think, admissible as one of the circumstances of the transaction. The proof that the prisoner was acquitted on the trial for stealing that harness, came out on the part of the defendant; and, although the whole proof was subsequently offered and admitted through another witness, I scarcely think that was prejudicial error.
As to the Schoonmaker harness, had the proof been confined to an exhibition of the state of things on the boat, and the appearance of the deck and the cabin, so far as they exhibited suspicious appearances, I should not myself have been disposed to interfere with the result. But there was a manifest effort to establish a distinct offense, to wit: the larceny of the Schoonmaker harness, for which the prisoner was not indicted, and as to which he could not be expected to come prepared to defend. And I do not think it was sufficiently connected with, or illustrative of, the main transaction to justify its admissibility on that ground.
Moreover, the prosecution went further, and insisted upon proving the contents of the “ cubby hole ” (which was, perhaps, proper, if they exhibited a suspicious appearance), and by whom they were claimed. And this *667 proof was admitted in a loose and general way, very difficult of contradiction if the prisoner could be regarded as bound to explain the ownership or possession of every article on his boat.
There are other matters which might form the subject of criticism, but I think enough has been said to show that the interests of justice will be promoted by a reversal of the judgment. I concur in the result at which my brother Peokham has arrived.
Judgment reversed and new trial ordered in the County Sessions of Ulster county.