·THOMAS HICKAM *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

137   75
145   373

*Filed at Mt. Vernon March 31, 1891.*

1. CHANGE OF VENUE—*in criminal case—prejudice of the inhabitants —denial of such prejudice.* Where the grounds relied on by a defendant for a change of venue in a criminal case, upon a charge of murder, .are the circulation in the county of papers containing exaggerated .accounts of the homicide, and the consequent prejudice in the minds of the inhabitants of the county caused by reading such accounts, so that, as alleged, the defendant can not have a fair trial, the State's attorney may deny the existence of the prejudice without denying the publication of the accounts in the papers, and their circulation, and .support such denial by counter-affidavits of citizens of the county, and if, from such affidavits, it appears that there is no extensive or widespread prejudice in the county against the defendant, a change of venue ·on that ground may be denied.

2. CONTINUANCE—*admission—to prevent a continuance—character of the admission—under the statute.* On application of a defendant in a ·criminal proceeding, at a term of court subsequent to that at which the indictment was found, for a continuance, on the ground of the absence ·of some material witnesses whose attendance could not be had, the ·court may, in its discretion, require the prosecution to admit the truth, absolutely, of the defendant's affidavit, to avoid a continuance, or only require the State's attorney to admit that the absent witnesses would, if present, swear to the facts stated in the affidavit, leaving him free to ·contradict such facts or impeach the witnesses named.

3. Under the act of 1885, relating to continuances in criminal cases, it is a matter within the discretion of the court, on an application for .a continuance after the term at which an indictment was found, when the affidavit is sufficient on its face, whether the other party shall be required to admit, absolutely, the facts set up in the affidavit as within the knowledge of the absent witnesses, or to admit only that the witnesses would testify to the facts set up or claimed, and this court will not interfere with the exercise of such discretion, except it clearly appears it was improperly exercised.

4. CRIMINAL LAW—*proof of other offenses.* On the trial of one on an indictment for murder, there will be no error in admitting proof of the killing of. a person other than the one named in the indictment, and .an assault upon another, by the defendant, in the same difficulty, where

the evidence is inseparable from that of the killing of the person named in the indictment, and relates to one and the same transaction.

5. SAME—*conviction of murder—term of imprisonment.* On conviction of murder, the prisoner was sentenced to imprisonment in the penitentiary for the term of ninety-nine years. This term of imprisonment was allowable under the statute, whether regarded as a life sentence, or for a term not less than fourteen years.

6. PRACTICE—*specific objection—as to instructions.* A general objection to the ruling of the court in giving and refusing instructions will be deemed abandoned where no specific objection is pointed out to any instruction given, and attention is not called to any one refused which should have been given.

7. BILL OF EXCEPTIONS—*when necessary.* Where objectionable remarks of counsel for the People, in the closing argument to the jury, are made, what was said should be preserved by bill of exceptions. If they are not so preserved they can not be considered by this court.

WRIT OF ERROR to the Circuit Court of Jackson county; the Hon. OLIVER A. HARKER, Judge, presiding.

Messrs. YOUNGBLOOD & BARR, for the plaintiffs in error:

The court erred in refusing the motion for a change of venue. Under the former laws the court had no discretion, on a proper showing. *Clark* v. *People,* 1 Scam. 117; *Rafferty* v. *People,* 72 Ill. 37; *Brennan* v. *People,* 15 id. 511.

The counter-affidavits did not deny a single fact set out in the petition. All that was attempted is to show that affiants were citizens of Union and Jackson counties, and that they do not believe that a prejudice exists in those counties against the defendants.

The verdict shows on its face that it was not the result of a fair and impartial trial. The punishment exceeds the lives of the defendants, exceeding that limited by the law.

The court should have required the prosecution to admit the truth of the facts stated in the affidavit for a continuance.

All the evidence of the killing of Brown and of the assault on Rhodes should not have gone to the jury.

The remarks of counsel in his closing remarks to the jury, that the defendants had the right to go upon the stand and testify, were highly improper.

Mr. GEORGE HUNT, Attorney General, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Thomas and John Hickam, plaintiffs in error, were indicted on the 17th day of July, 1886, by the grand jury of Jackson county, for the murder of Robert Knox. The indictment was returned to the August term, 1886, of the Jackson county circuit court, but no trial was had until the December term of the court, when the defendants were tried and convicted, and sentenced to imprisonment in the penitentiary for ninety-nine years.

At the term of court at which the cause was tried, the defendants filed a petition for a change of venue from Jackson county, on account of the prejudice of the inhabitants of the county against them. The principal ground relied upon in the petition to establish prejudice is, that certain newspapers which circulate in Jackson county published exaggerated accounts of the difficulty which resulted in the murder, and thus the minds of the inhabitants of the county were greatly prejudiced against them. On the hearing of the petition the State's attorney filed fourteen affidavits, signed by some fifty persons, residents of the county, denying the existence of prejudice against the defendants. The court denied the petition for a change of venue, and the decision is relied upon as error.

Section 22, chapter 146, p. 1095, of the Revised Statutes of 1874, provides: "When the cause for the change of venue is the prejudice of the inhabitants of the county against the defendant, his petition shall set forth the facts on which he founds his belief, and the attorney in behalf of the People may deny the facts stated in the petition, and support his denial by counter-affidavits; and the judge may grant or deny

the petition, as shall appear to be according to the right of the case."

It was not denied, nor was it a question in dispute, that certain newspapers had published an account of the difficulty, and the homicide of the person alleged to have been murdered by the defendants; but it was set up in the petition that the publication of these articles had produced prejudice in the minds of the inhabitants of the county, and in consequence of such prejudice they could not secure a fair and impartial trial. In the affidavits filed by the State's attorney no attempt was made to deny the publication of the articles set out in the petition, but the fact that the publication of the articles had prejudiced the inhabitants of the county was expressly denied. Thus the existence or non-existence of prejudice of the inhabitants was the issue made and presented to the court for determination, and it was to be decided according to the right of the case, upon the petition and the denial filed by the State's attorney, supported by counter-affidavits. We have carefully examined the petition, and the denial supported by affidavits, and while the question presented to the court may not be entirely free from doubt, we are not prepared to say, in view of all the facts, that the decision denying the petition was erroneous. In support of the State's attorney's denial, affidavits were presented from leading citizens, residing in different sections of the county, all denying the existence of prejudice of the inhabitants of the county. If a prejudice existed, and was wide-spread in the county, it is unreasonable to believe that reliable men would be so reckless as to come forward and file such affidavits.

After the court denied the petition for a change of venue, the defendants entered a motion for a continuance, on account of the absence of certain witnesses. The court held the affidavit sufficient, but allowed the State's attorney to elect whether the cause should be continued, or whether he would admit that the absent witnesses would swear to the facts set out in

the affidavit, if present, whereupon the State's attorney admitted that the absent witnesses would swear to the facts set out in the affidavit, if present, and the court denied the motion for a continuance. The ruling of the court on the motion is relied upon as error.

In 1885 the legislature passed an act which provides, "that when an affidavit is made for a continuance, * * * in a criminal case, on the ground of the absence of a material witness, the State's attorney, or the defendant, as the case may be, shall not be required to admit the absolute truth of the matter set up in the affidavit for a continuance, but only that such absent witness, if present, would testify as alleged in the affidavit; and if it is so admitted, no continuance shall be granted, but the case shall go to trial, and the party admitting the same shall be permitted to controvert the statements contained in such affidavit by other evidence, or to impeach such absent witness, the same as if he had testified in person: *Provided,* that the court may, in its discretion, require the opposite party to admit the truth, absolutely, of such affidavit, when, from the nature of the case, he may be of opinion that the ends of justice require it: *Provided further,* that this act shall not apply to applications for continuance at the same term of the court at which the indictment is found or information filed." Under this statute, the application being made at the second term, it was a matter resting in the discretion of the court whether the State's attorney should be required to admit, absolutely, the facts set up in the affidavit, or to admit only that the witnesses would testify to the facts set up if they were present, and after a careful examination of the record we find nothing showing, or tending to show, that the discretion of the court was improperly exercised.

It is also claimed that the court erred in permitting the People to prove the killing of Henry Brown and the assault upon Mathew Rhodes. The charge against the defendants was the murder of Knox, but Brown was killed and Rhodes

was assaulted and cut with a knife in the same fracas, and as the evidence in reference to Brown and Rhodes was inseparable from the evidence in relation to the killing of Knox, it was admissible as a part of one and the same transaction.

It is also claimed that the court gave improper instructions for the People and refused proper instructions. No specific objection has been pointed out to any one instruction given for the People, nor has our attention been directed to any one refused instruction which should have been given. As counsel has failed to point out any error of the court in the instructions, we must presume the objection to the ruling of the court on instructions has been abandoned.

Objection is made to certain remarks of counsel for the People in the closing argument to the jury. What was said has not been preserved by bill of exceptions, and hence is not before us for consideration.

Objection is made to the verdict, which found the defendants guilty and fixed the punishment at ninety-nine years in the penitentiary. The period here fixed may seem greater in time than a life sentence, but after all it can only be regarded as a sentence for life, and as such it is warranted by the statute. If, however, it is not a life sentence, it was authorized by the statute, which reads as follows: "Whoever is guilty of murder shall suffer the punishment of death, or imprisonment in the penitentiary for his natural life or for a term not less than fourteen years." Here defendants were found guilty, and the imprisonment was fixed at not less than fourteen years. Whether they will live the term out we can not know. The guilt of the defendants was established beyond all doubt or cavil. The murder was a brutal one, unprovoked, and deliberately committed, with no extenuating circumstances. There is therefore no just ground for complaint in regard to the verdict of the jury.

The judgment will be affirmed.

*Judgment affirmed.*