## NEWPORT.

### STATE *vs.* PETER HABIB.

On the trial of an indictment for receiving stolen goods, the property of the G. Company, a corporation, evidence showing the company to be a *de facto* corporation is sufficient proof of the corporate existence.

While the accused was under arrest, on being charged with receiving stolen goods, an accomplice who was present said to him, "It's no use trying to get out of it; they've got us dead; we have all been arrested, and you might as well tell the truth." Whereupon the accused confessed his guilt.

*Held*, that the language of the accomplice was a mere suggestion to tell the truth, and that the confession of the accused was admissible in evidence against him.

The defendant was indicted in N. county for receiving stolen goods in that county. The proof was that the goods were stolen in N. county by another person and by him, under a previous arrangement with the defendant, delivered to a common carrier in that county, directed to the defendant in P. county, who received them there.

*Held*, that the delivery of the goods to the common carrier was in law a delivery to the defendant himself, and that the defendant was properly indicted in N. county, for receiving the goods in that county.

*Held*, further, that evidence of similar transactions between the defendant and his accomplice on several different days, shortly before the date of the offence charged in the indictment, was admissible for the purpose of showing guilty knowledge on the part of the defendant.

Goods shipped to a person through a common carrier are presumed to have been delivered to that person in the absence of anything to the contrary.

DEFENDANT'S petition for a new trial.    Indictment for receiving stolen goods.

*April* 27, 1894.    TILLINGHAST, J.    The first ground upon which the defendant bases his petition for a new trial is that it was not proved by competent evidence at the trial to the jury that the corporation named in the indictment—the E. Read Goodridge Manufacturing Company, the owner of the stolen property—existed.    E. Read Goodridge was called as a witness by the Attorney General, and testified without objection that he was the treasurer and manager of said company; that it was a corporation created under the laws of New York and duly organized as such under its charter in the State of New York, and that it elected officers, held meetings, transacted business and made returns under its said charter as a corporation.    We think that the evidence offered showed at least *primâ facie* the existence of said corporation.    It shows that there was such a corporation *de facto*, and we think this is sufficient in the absence of any proof to the contrary.    *People* v. *Frank*, 28 Cal. 507; *People* v. *Caryl*, 12 Wend. 547; *Smith* v. *State*, 28 Ind. 321; *Calkins* v. *State*, 18 Ohio St. 366;  Wharton's Crim. Ev. 8th ed. § 164 a;  *People* v. *Davis*, 21 Wend. 313;  *People* v. *Barric*, 49 Cal. 342; *Johnson* v. *People*, 4 Denio, 364.

The second ground of the petition is that the court erred in admitting the confessions of the defendant.    The record shows that in a conversation with the defendant while under arrest, upon being charged by the witness Goodridge with receiving the stolen goods, he at first denied the same, then denied the receiving as many as he was charged with having received by Goodridge, and finally admitted that he had received the goods from O'Brien, the person who stole the same, stating fully how he had carried on the business; that the goods had been shipped to his place in Providence by the express company, and that he desired to settle therefor, first offering to pay $250, and then saying that he had $20,000 in the bank and would settle for any amount witness would name if he could be let off that day.    During the conversation O'Brien, who was present, said to the defendant, "It's no use

trying to get out of it; they have got us dead; we have all been arrested, and you might as well tell the truth." This confession was not obtained by any promise, threat or improper inducement, unless it can be said that the language of O'Brien constituted an improper inducement. We do not think it did. It practically amounted to a mere suggestion or direction to tell the truth. Moreover, O'Brien was not an officer, the defendant was not in his custody, and, so far as appears, was simply giving expression to his own consciousness of their joint guilt and of the fact that they had been found out, and therefore they might as well make a clean breast of it. That such a confession is admissible, see Wharton's Crim. Ev. 8th ed. § 647, and cases cited.

The third ground of the petition is that the State failed to prove that the defendant received the stolen goods in the county of Newport, where the indictment was found.[1] The record shows that O'Brien was a shipping clerk in the employ of said corporation in the city of Newport, and that the defendant had a place of business at No. 77 Acorn street in the city of Providence; that O'Brien stole the goods in question, and under a previous arrangement between him and the defendant, sent the goods by express to the latter at his place of business in Providence. In short, then, the case is this, O'Brien stole the goods in question in the county of Newport, and at the request of, and under an arrangement with, the defendant, delivered them to a common carrier in Newport directed to the defendant in the city and county of Providence. In this state of the proof the question is, Did the defendant receive said stolen goods in the county of Newport? We think it is clear that he did. For, in the circumstances stated, a delivery to the common carrier, his agent, was in the eye of the law a delivery to him. And the defendant having subsequently obtained actual possession of the goods

---

[1] Pub. Stat. R. I. cap. 248, § 7, is as follows:

Sec. 7. Every person who shall be accused of any offence shall be proceeded against in the county in which the offence shall have been committed and not elsewhere, except in cases in which special provision shall be made to the contrary.

from the common carrier, as the proof shows, the transaction as between him and O'Brien was precisely the same as if O'Brien had delivered the goods to him in person at Newport. See *Mack* v. *Lee*, 13 R. I. 293 ; Benjamin on Sales, § 409, and cases cited in note 2 ; *Reg.* v. *Miller and Connors*, 6 Cox's Crim. Cases, 353 ; *Reg.* v. *Smith, ib.* 554 ; *State* v. *Stroud*, 95 N. C. 621. Had the defendant been in another state even, at the time of the receiving of the goods in question, he would nevertheless have been indictable in the county of Newport. For, as said in Wharton's Criminal Pleading and Practice, 9th ed. § 140, "Where an offence is committed within a State by means of an agent, the employer is guilty as a principal, though he did not personally act in that State, and at the time the offence was committed was in another State. In such case, the *forum delicti commissi* has jurisdiction of the offence, and, if the offender comes within the limits of the State, has also jurisdiction of his person, and he may be arrested and brought to trial. And the better opinion is that the place of the commission of the offence, as distinguished from the place where the offender at the time stood, is, in cases of conflict, the proper venue." See also *Commonwealth* v. *White*, 123 Mass. 430.

The fourth ground of the petition is, that for the purpose of showing guilty knowledge on the part of the defendant, the court wrongfully admitted evidence of shipments of goods through the Adams Express Company to the defendant on days when the salebook of the Goodridge Company did not show sales to the defendant, the claim on the part of the State being that these were all criminal transactions like the principal one alleged, fixing guilty knowledge as to that upon the defendant. These shipments, which were under dates of November 12, November 21, December 12 and December 22, all in 1891, were shown by the books of the express company's Newport office, and were all credited as being shipped by the Goodridge Company. There was no evidence that the goods were ever under the control or in the possession of the defendant in Newport, except that they were delivered to the express company in the manner aforesaid, and there was no

direct evidence that these particular shipments had been received by the defendant. In this state of the proof, the defendant requested the court to charge the jury that in the absence of evidence of the receipt by the defendant of the goods shipped under the above mentioned dates, all the testimony upon this branch of the case should be excluded from their consideration, which request was refused. He also requested the court to charge that there was no presumption in a criminal case that goods shipped to the defendant in the manner aforesaid were received by him, which request was also refused. We fail to find any error in the rulings complained of. It is hardly to be expected that the books of the Goodridge Company would show sales of the goods which were being systematically stolen by O'Brien, their shipping clerk, and forwarded to the defendant by the express company. A man who is regularly stealing from his employer, is not apt to charge himself with his stealings on the books of the concern. The particular transaction charged in the indictment, and relied on by the Attorney General, was laid on the 6th day of January, 1892. But for the purpose of showing guilty knowledge on the part of the defendant, we think it was competent for the Attorney General to offer proof of similar transactions shortly prior thereto. And in view of the previous fraudulent arrangement, which was shown to have existed between O'Brien and the defendant, we think the jury might properly have inferred, in the absence of any proof to the contrary, that said shipments of goods were duly received by the defendant. Ordinary care and diligence on the part of the express company in duly delivering the goods in question was fairly to be presumed, in the absence of any evidence whatever to the contrary.

We have considered the numerous other points made by defendant's counsel in connection with this petition, but do not find that any of them are tenable or entitled to special mention. Taking the case as a whole, we are not convinced that the defendant did not have a full and fair trial, or that

there is not sufficient evidence to sustain the verdict, and hence this petition must be *denied and dismissed.*

*Robert W. Burbank,* Attorney General, for the State.

*Charles Acton Ives & Michael Callahan,* for defendant.