## THE STATE v. PERRY, *Appellant.*

### Division Two, November 20, 1896.

1. **Murder**: SUFFICIENCY OF EVIDENCE: VERDICT. On a trial for murder, the evidence disclosed that defendant had planned the murder of three persons, father, mother, and son, for the purpose of robbery; that he enticed his victims one by one out of the house and killed them with a piece of gas pipe; that he then took what property he could find and a horse and wagon belonging to the deceased, driving to a town some miles distant where he sold the team. This evidence was corroborated by confessions made by defendant, and by various circumstances. *Held*, that the evidence sustained a verdict of guilty of murder in the first degree.

2. ———: EVIDENCE: SEVERAL HOMICIDES. On the trial for the murder of the father evidence was admitted in relation to the killing of the other two victims. *Held*, that, as the three homicides were committed in rapid succession, were really one and the same transaction, and it was impossible to separate them, the evidence was admissible.

*Appeal from Douglas Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*R. F. Walker*, attorney general, and *Morton Jourdan* assistant attorney general, for the state.

(1) The testimony in this case shows abundantly and beyond any question the guilt of the defendant, and the judgment should not be disturbed because of this allegation of alleged error. It is only where there is a total failure of proof that this court will interfere and reverse a judgment. *State v. Fischer*, 124 Mo. 462; *State v. Punshon*, 124 Mo. 448; *State v. Banks*, 118 Mo. 117. (2) The verdict is in harmony with the law

as declared by the court.   No exceptions were taken to any of the instructions given.   They are in the usual form, however, and the jury could not have been misdirected or misled in the discharge of its duty.   (3) The testimony in this case shows the killing of the entire Sawyer family, and it was impossible to have tried .this case without some reference being made to the other murdered persons besides the one charged in the indictment.   The attention of the court is called to the same state of affairs and circumstances which existed in the killing of the Meeks family by the Taylor brothers (35 S. W. Rep. 92) and the killing of the Hall family by Howell (117 Mo. 307).   The testimony shows that these persons were all killed at the same time, and reference could not be avoided and should not have been to those killed other than the one named in the indictment.   The fact that they were dead together, their wounds, their condition, all constituted a form and proof of the *res gestae*.

BURGESS, J.—At a special term of the circuit court of Douglas county which began on the twenty-ninth day of May, 1896, defendant was indicted for murder in the first degree for killing one Lafayette Sawyer.   The trial on said indictment resulted in his conviction of the crime charged against him.   From the judgment he has appealed.

Lafayette Sawyer, his wife and son, were murdered on the morning of May 20, 1896, at their home in Douglas county.   The object of the murder was robbery.   The evidence showed conclusively that on that morning the defendant, by means of a piece of gas pipe from eighteen to twenty-four inches in length and weighing about two pounds, killed the Sawyer family, consisting of E. E. Sawyer, Lafayette Sawyer, and Mrs. Sawyer; that the defendant had planned the

murder of this family sometime before; that on that morning he went to their residence in Douglas county, and upon the pretense that they had a sick horse at the barn, induced them to come from their house to go to the barn; that Lafayette Sawyer was the first one to appear, and that he was struck on the head with the gas pipe several blows until he was dead; that old man Sawyer came next, and in the same manner was disposed of; that his wife hearing his outcry, ran into the yard and was killed in like manner; that the defendant carried and dragged their bodies back into the house, piled them upon the floor under a bed and covered them with a bed mattress and bed clothes; that he then proceeded to search the house and secured in money $156 and some cents; that he then hitched up the team belonging to the Sawyers to a farm wagon and, taking a trunk which belonged to them and placing therein such articles as he had stolen from the house, put it and the gas pipe with which the execution had been performed, in the wagon under some wheat sacks filled with corn and started to Springfield, Missouri; that *en route* he met several persons who testified as witnesses on the trial who identified the team as belonging to Sawyer, as well as the other articles and gas pipe. It was shown that after he arrived in Springfield he disposed of the team and wagon for $56.

Witnesses who went to the scene of the murder the evening after the killing testified to the wounds upon the Sawyers and to the fact that they were found covered under the bed. A number of physicians were sworn who testified that their death resulted from the wounds inflicted upon their heads which were made with some blunt instrument.

The above statement of fact is corroborated and supported by the confession of the defendant, also the

facts connected with the arrangement to kill the Sawyer family and to rob them, the killing, the trip to Springfield, and the disposition made of the team and wagon. The defendant also said in his confession that after killing the family he pulled down the blinds and remained in the house with them until late in the evening and that it was prearranged between him and his accomplice which he claimed to have that he should take the team and wagon to Springfield and dispose of them, and that his accomplice had given him $12 out of the money he had stolen from the Sawyers with which to bear the expenses of the trip.

While defendant is not represented in this court, there was filed in the trial court in his behalf a motion for a new trial in which the following grounds therefor were assigned: *First*. Because the verdict is against the evidence. *Second*. Because the verdict is against the law. *Third*. Because the jury were permitted to hear the evidence of the witnesses as to the murder of E. E. Sawyer and Mrs. Sawyer when the defendant was not on trial for the murder of either E. E. Sawyer or Mrs. Sawyer.

With respect to the first assignment of error we are unable to give to it our assent, because it is inconsistent with the facts as disclosed by the record. The facts and circumstances in proof showed defendant guilty beyond the peradventure of a doubt, of one of the boldest, most brutal and fiendish murders ever committed within this commonwealth, to say nothing of his admission which made more certain, if possible, that which had already been shown beyond any question. His object was that of robbery, and to obtain a few hundred dollars and a small amount of personal property he decoyed his three victims, one at a time, from their house to their stable a few yards dis-

tant under the pretense that one of their horses was sick, and there in the broad light of day, with a piece of gas pipe with which he had prepared himself for the occasion, assaulted and murdered them. There was no question, nor can there be, of his guilt under the evidence.

The instructions covered every phase of the case, and are such as have often met with the approval of this court.

There is no merit in the third assignment. The homicides were all committed in rapid succession, and were really one and the same occurrence. It would have been impossible to try this case, so closely were the killings connected with each other, without the admission of some evidence of the murder of E. E. and Mrs. Sawyer. There was no error in the ruling of the court below in this regard.

The indictment is in due form, and the record free from reversible error. The judgment is therefore affirmed. All of this division concur.