Decided 30 July, 1900.

## STATE *v.* O'DONNELL.

[61 Pac. 892.]

LARCENY—EVIDENCE OF ANOTHER SIMILAR CRIME.—In a prosecution for larceny it is prejudicial error to admit evidence that defendant had other stolen property in his possession, it not appearing that such other larceny was a part of the transaction for which defendant was on trial, or was connected with it in respect to either time or locality : *State* v. *Roberts*, 15 Or. 187, distinguished.

From Umatilla : STEPHEN A. LOWELL, Judge.

Thos. O'Donnell was dissatisfied with a sentence for cattle stealing, and appealed.           REVERSED.

For appellant there was a brief over the names of *Carter & Raley* and *Balleray & Hailey*, with an oral argument by *Messrs. Thos. G. Hailey* and *John J. Balleray*.

For the state there was an oral argument by *Mr. D. R. N. Blackburn*, Attorney-General.

MR. JUSTICE MOORE delivered the opinion.

The defendant Thomas O'Donnell was jointly indicted with James Roach for the alleged larceny of a cow and a calf, the property of one Allen Rhodes, of the value of $30 and $12, respectively, committed in Umatilla County, Oregon, October 25, 1898 ; and, having been separately tried, he was found guilty thereof, and from the judgment which followed he appeals.

The testimony introduced at the trial tended to show that Rhodes owned a black muley cow and her black muley bull calf, which were missed about October 20, 1898, and three or four. weeks thereafter the cow was found about fifteen miles from his place, in the defendant Roach's inclosed stubble field, and the calf's hide near Pendleton, at the slaughter house of Swartz & Greulich, to whom Roach sold the calf, with three others, which he purchased, with said cow and other cattle, from the defendant O'Donnell.   The state called one A. D. Rhonimus, who, over the defendant's objection and exception, was permitted to testify that, having visited said slaughter house, he found a red hide, which he recognized as having been taken from a calf which he had missed, and which was included in the sale so made by Rhodes to Swartz & Greulich, and that he had never sold the calf, or authorized any one to take, kill, or flay it.

It is contended that, the defendant having been charged with the larceny of a cow and a calf, the property of Rhodes, the court erred in admitting testimony tending to show the commission of an independent crime. "The general rule," says Mr. Justice BEAN, in *State* v. *Baker*, 23 Or. 441 (32 Pac. 161), "is unquestioned that evidence of a distinct crime unconnected with that laid in the indictment cannot be given in evidence against the prisoner. Such evidence tends to mislead the jury, creates a prejudice against the prisoner, and requires him to answer a charge for the defense of which he is not supposed to have made preparation." The rule is well settled that evidence of the prisoner's participation in the commission of crimes wholly unconnected with that for which he is put upon trial is inadmissible : Greenleaf, Ev. § 52 ; *Dunn* v. *State*, 2 Ark. 229 (35 Am. Dec. 54); *Rosenweig* v. *People*, 63 Barb. 634 ; *Bonsall* v. *State*, 35 Ind. 460 ; *Coleman* v. *People*, 55 N. Y. 81 ; *People* v. *Gibbs*, 93 N. Y. 470 ; *Barton* v. *State*, 18 Ohio, 221 (98 Am. Dec. 118).

The rule that evidence of crimes other than that charged in the indictment is inadmissible is subject to a few exceptions, speaking of which Mr. Underhill, in his valuable work on Criminal Evidence (section 87), says: "These exceptions are carefully limited and guarded by the courts, and their number should not be increased." The author gives five exceptions to such rule, which may be summarized as follows: (1) If several similar criminal acts are so connected by the prisoner, with respect to time and locality, that they form an inseparable transaction, and a complete account of the offense charged in the indictment cannot be given without detailing the particulars of such other acts, evidence of any or all of the component parts thereof is admissible to prove the whole general plan: *State* v. *Roberts*, 15 Or. 187 (13 Pac. 896); *Phillips* v. *People*, 57 Barb. 353 ; *Hickam* v. *People*, 137 Ill. 75 (27 N. E. 88);

*Turner* v. *State*, 102 Ind. 425 (1 N. E. 869); *Commonwealth*
v. *Robinson*, 146 Mass. 571 (16 N. E. 452); *People* v. *Foley*,
64 Mich. 148 (31 N. W. 94); *State* v. *Williamson*, 106 Mo.
162 (17 S. W. 172); *State* v. *Perry*. 136 Mo. 126 (37 S. W.
804); *Brown* v. *Commonwealth*, 76 Pa. St. 319. Mr. Justice
AGNEW, in *Shaffner* v. *Commonwealth*, 72 Pa. St. 60 (13 Am.
Rep. 649), in commenting upon this exception, says: "To
make one criminal act evidence of another, a connection
between them must have existed in the mind of the actor,
linking them together for some purpose he intended to ac-
complish." (2) When the commission of the act charged
in the indictment is practically admitted by the prisoner,
who seeks to avoid criminal responsibility therefor by re-
lying upon the lack of intent or want of guilty knowledge,
evidence of the commission by him of similar independent
offenses before or after that upon which he is being tried,
and having no apparent connection therewith, is admissi-
ble to prove such intent or knowledge, which has become
the material issue for trial: *Yarborough* v. *State*, 41 Ala.
405 ; *People* v. *Sanders*, 114 Cal. 216 (46 Pac. 153); *Lang-
ford* v. *State*, 33 Fla. 233 (14 South. 815); *Stafford* v. *State*,
55 Ga. 591 ; *Anson* v. *People*, 148 Ill. 494 (35 N. E. 145);
*Commonwealth* v. *Bradford*, 126 Mass. 42 ; *People* v. *Henss-
ler*, 48 Mich. 49 (11 N. W. 804); *Lindsey* v. *State*, 38 Ohio
St. 507 ; *Goersen* v. *Commonwealth*, 99 Pa. St. 388 ; *State*
v. *Habib*, 18 R. I. 558 (30 Atl. 462); *Zoldoske* v. *State*, 82
Wis. 580 (52 N. W. 778). Mr. Justice RAPALLO, in *People*
v. *Corbin*, 56 N. Y. 563 (15 Am. Rep. 427), speaking of
this exception, says : "The cases in which offenses other
than those charged in the indictment may be proved, for
the purpose of showing guilty knowledge or intent, are
very few." (3) If the facts and circumstances tend to
show that the prisoner committed an independent dis-
similar crime, to enable him to perpetrate or to conceal

36 OR.—15.

an offense, such evidence is admissible against him upon an indictment charging the auxiliary crime, when the intent to perpetrate or conceal such offense furnished the motive for committing the crime for which he is put upon trial : *State* v. *Watkins*, 9 Conn.*47 ; *Painter* v. *People*, 147 Ill. 444 (35 N. E. 64); *People* v. *Harris*, 136 N. Y. 423 (33 N. E. 65); *Templeton* v. *People*, 27 Mich. 501 ; *Pierson* v. *People*, 79 N. Y. 424 (35 Am. Rep. 524); *Commonwealth* v. *Ferrigan*, 44 Pa. St. 386 ; *People* v. *Stout*, 4 Parker, Cr. R. 71 ; *Crass* v. *State*, 31 Tex. Cr. R. 312 (20 S. W. 579); *Moore* v. *United States*, 150 U. S. 57 (14 Sup. Ct. 26, 37 L. Ed. 996). (4) When a crime has been committed by the use of a novel means or in a particular manner, evidence of the defendant's commission of similar offenses by the use of such means or in such manner is admissible against him, as tending to prove the identity of persons from the similarity of such means, or the peculiarity of the manner adopted by him : *Frazier* v. *State*, 135 Ind. 38 (34 N. E. 817); *Commonwealth* v. *Choate*, 105 Mass. 451 ; *Brown* v. *State*, 26 Ohio St. 176. (5) When a prisoner is charged with any form of illicit sexual intercourse, evidence of the commission of similar crimes by the same parties is admissible to prove an inclination to commit the act for which the accused is put upon his trial: Bishop, Stat. Cr. § 679 ; *State* v. *Scott*, 28 Or. 331 (42 Pac. 1); *McLeod* v. *State*, 35 Ala. 395 ; *People* v. *Patterson*, 102 Cal. 239 (36 Pac. 436); *Lefforge* v. *State*, 129 Ind. 551 (29 N. E. 34); *State* v. *Williams*, 76 Me. 480 ; *Commonwealth* v. *Nichols*, 114 Mass. 285 (19 Am. Rep. 346); *People* v. *Skutt*, 96 Mich. 449 (56 N. W. 11); *State* v. *Marvin*, 35 N. H. 22 : *State* v. *Pippin*, 88 N. C. 646 ; *Commonwealth* v. *Bell*, 166 Pa. St. 405 (31 Atl. 123).

An examination of these deviations from the general rule will show that the testimony objected to herein, if allowable, falls within the first exception hereinbefore

noted.   That the taking of the two calves, if it be assumed
that the same person was guilty thereof, constituted simi-
lar criminal acts, must be admitted, but the testimony
fails to show that they were taken at or near the same
time, or from the same locality ;  for Rhonimus testified
that he had not seen the calf which he lost for about four
weeks prior to the time he missed it, and that the dis-
tance from Rhodes' place to that from which his calf was
taken is about six or seven miles.     In *Hall* v. *People*, 6
Parker, Cr. R. 671, the accused was tried upon an indict-
ment charging him with burglariously entering in the
night time the barn of one John Gaston, and feloniously
taking therefrom a set of harness, a lap robe, net, blanket,
whip, and umbrella, which property, the evidence showed,
was found in his possession.    The prosecution was per-
mitted to prove, over objection and exception, that other
property stolen from one Peter P. Shoonmaker two or
three weeks prior to the burglary was found in the pris-
oner's possession, and it was held that the court erred in
admitting such testimony.    In *Gilbraith* v. *State*, 41 Tex.
567, the plaintiff in error was tried upon an indictment
charging him with the larceny of a blue dun bull, the
property of one W. J. Myers ;  and at the trial a butcher
testified that he purchased from the prisoner the hide
taken from said animal, and also, over the objection and
exception of the accused, stated that at the same time he
purchased from the latter the hide of a red steer which
was identified as the property of one Jack Russell, and
it was held that the court erred in admitting the testi-
mony so objected to.    In *Ivey* v. *State*, 43 Tex. 425, it was
held that on a trial for the theft of cattle the state cannot
prove the possession by the accused of stolen cattle other
than those described in the indictment, unless it be shown
that they were taken at the same time and by the same
persons.   In *Beach* v. *State*, (Tex. App.) 11 S. W. 832,

the prisoner having been indicted for the larceny of cattle, it was held that the court erred in admitting evidence of the defendant's theft of a yearling which was not shown to have been committed at the same time and place as that charged in the indictment. To the same effect, see *Welhousen* v. *State*, 30 Tex. App. 623 (18 S. W. 300); *Schwen* v. *State*, 37 Tex. Cr. R. 368 (35 S. W. 172).

In the case at bar, the testimony not having disclosed that Rhonimus' calf was taken at the same time or from the same locality as the calf described in the indictment, and it having been possible to give a complete account of the latter crime without referring to other calves that may have been stolen, the court erred in admitting the testimony so objected to. Other alleged errors are assigned, but, believing that they are not likely to be repeated at a second trial, they will not be further noticed. The judgment is reversed, and a new trial ordered.

REVERSED.