<hr />

Argued 19 January, decided 20 February, 1905.

## STATE *v.* LEE.

### 79 Pac. 577.

PROOF OF OTHER CRIMES NOT INCIDENTAL TO THE ONE CHARGED.

1. Although proof of the commission of other crimes is sometimes admissible as incidental to the crime charged, it is never allowable to show that defendant has committed, or is said to have committed, crimes not connected with the one for which he is on trial.

For example, in a prosecution for larceny of a calf, after a witness had admitted that he did not feel kindly toward defendant, he should not have been permitted to state that his feelings were influenced by the supposition that defendant had stolen cattle in the neighborhood where he lived, for such a statement was merely an expression of the opinion that defendant was a thief, and was not connected with the disappearance of the calf, nor did it explain the bias of the witness.

SHOWING CHARACTER OF DEFENDANT.

2. Evidence of defendant's character or his general reputation is not admissible until he has raised the issue.

WITNESS—EXPLAINING BIAS.

3. Where it appears that a witness is biased he may state in general terms the reasons for his feeling, but details should be avoided.

From Washington: THOMAS A. McBRIDE, Judge.

James G. Lee, feeling that he had not received justice by a sentence of four years in the penitentiary, appeals from a conviction of larceny.                                    REVERSED.

For appellant there was an oral argument by *Mr. Harry Taylor Bagley*, with a brief over the names of *Henry E. McGinn* and *H. T. Bagley* to this effect.

In a prosecution for larceny it is prejudicial error to admit evidence that defendant was suspected of committing other larcenies. Even if it could be shown that such other larcenies had been committed by the defendant, it not appearing that such other larcenies were a part of the transaction for which the defendant was on trial, or connected with it in respect to either time or locality, they could not be received in evidence against him. ·Nothing can be gained by presenting the suspicions of hostile neighbors: *State* v. *Olds,* 18 Or. 440 (22 Pac. 940) ; *State* v. *Baker,* 23 Or. 441 (32 Pac. 161) ; *State* v. *O'Donnell,* 36 Or. 222 (61 Pac. 892) ; *People* v. *Romano,* 84 App. Div. 318 ; *People* v. *Molineaux,* 168 N. Y. 264, 291 (61 N. E. 286) ; *People* v. *Guajardo,* 24 Tex. App. 603 ; *Denton* v. *State,* 42 Tex. Cr. Rep. 427, 429 ; *State* v. *Fritchette,* 88 Minn. 145 (92 N. W. 527) ; *People* v. *Carpenter,* 136 Cal. 391, 393 (68 Pac. 1027) ; *Gay* v. *State,* 115 Ga. 204 (41 S. E. 685) ; *State* v. *Murphy,* 84 N. C. 742 ; *State* v. *Sheppard,* 49 W. Va. 597 (39 S. E. 676) ; *People* v. *Ascher,* 126 Mich. 637, 643 (86 N. W. 140) ; *Paulson* v. *State,* 118 Wis. 89 (94 N. W. 771) ; *Commonwealth* v. *Jackson,* 132 Mass. 16 ; *State* v. *Kirby,* 62 Kan. ·436, 443 (63 Pac. 752) ; *State* v. *Gottfreedson,* 24 Wash. 398 (64 Pac. 523).

For the State there was an oral argument by *Mr. Harrison Allen,* District Attorney, and *Mr. Edmund Burke Tongue,* with a brief to this effect.

The purpose of the question asked of the witness Dennis was to show a hostility on his part toward the defendant, and then the witness had a right to explain the exact state of his feeling toward defendant and the reason therefor: Wharton, Crim. Ev. § 477 ; *Fisher* v. *State,* 58 Ala. 215 ; *Beasley* v. *People,* 89 Ill. 571 ; *Ellsworth* v. *Potter,* 41 Vt. 687 ; *State* v. *Warren,* 41 Or. 348, 356 (69 Pac. 679).

MR. JUSTICE BEAN delivered the opinion of the court.

The defendant was tried and convicted of the larceny of a calf, the property of one Dennis. From the judgment sentencing him to the penitentiary he appeals.

1. Dennis was a witness for the State, and gave material testimony tending to support the theory of the prosecution. On cross-examination he was asked, "Your feelings have not been good toward him (the defendant) ?" and replied, "No." He was then asked, "You and Mr. Boyd are known to be the enemies of Mr. Lee?" and answered, "I don't know how it is known. Q. What is the fact about it? A. I don't bear him any ill will, only it is the general supposition up there"— Here objection was made to the witness further answering the question, but it was overruled, and he continued: "That Mr. Lee has been getting away with cattle. There has been a good many cattle missing up there for years, and for that reason I have no particular friendship for him, or any one else that is in that kind of business." A motion was made to strike out all the testimony of the witness after the words "ill will," but it was overruled, the court saying, "I think he has a right to explain why." These rulings were erroneous, because the evidence objected to tended to show the commission by the defendant of crimes other than the one charged against him, or to prove his general bad character. Proof of the commission of a crime unconnected with that alleged in the indictment or information cannot be given against a defendant: *State* v. *Baker,* 23 Or. 441 (32 Pac. 161) ; *State* v. *O'Donnell,* 36 Or. 222 (61 Pac. 892) ; *State* v. *McDaniel,* 39 Or. 161, 173 (65 Pac. 520).

2. Nor is evidence of defendant's general reputation or bad character admissible until he has himself put his character in issue: Wharton, Crim. Ev. § 64.

3. It is argued by the State that the testimony objected to was the legitimate result of the cross-examination, and merely tended to explain the grounds of the feelings or bias of the witness toward the defendant. The hostility of a witness to the party against whom he is testifying affects his credibility, and the extent thereof is a proper subject of cross-examination. When

such examination discloses that the witness is biased or hostile to the party against whom he is testifying, he has a right to state, without entering into particulars, the grounds of such bias or ill will: *State* v. *Warren,* 41 Or. 349 (69 Pac. 679); *Ellsworth* v. *Potter,* 41 Vt. 687; *Fincher* v. *State,* 58 Ala. 215. But here the witness denied that he had any ill will or bias toward the defendant, except such as might arise from the general supposition that he had been committing other crimes. The evidence did not go to an explanation of the personal feelings of the witness. Its manifest tendency was to show the general reputation of the defendant, and not to explain the ill will or bias of the witness.

Judgment reversed, and new trial ordered.        REVERSED.

---

Decided 9 January, 1905.