[No. 27592. Department Two. October 31, 1939.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL R. DE GASTON, *Appellant*.[1]

*Warren Hardy*, for appellant.

*B. Gray Warner*, *John M. Schermer*, and *John Caughlan*, for respondent.

BEALS, J.—The defendant was charged, by way of information, with the crime of abortion, two counts being stated. The defendant pleaded not guilty, and upon his trial was convicted upon both counts. His motion for a new trial having been denied, a judgment of guilty was entered and sentence imposed, from

[1]Reported in 95 P. (2d) 410.

which judgment and sentence the defendant has appealed.

Error is assigned upon the admission of certain testimony over appellant's objection; upon the denial of his motion to strike such testimony; and upon the denial of appellant's motion for a new trial.

The matter is before us upon a short record, appellant complaining only of the admission of certain evidence over his objection, and the bill of exceptions containing only the testimony of one witness.

Lawrence A. Peters, a member of the bar of this court, who at the time of the filing of the information herein was a deputy prosecuting attorney, was called as a witness for the state. The witness testified that he had charge of the preparation and filing of the information against appellant. On cross-examination, counsel for appellant brought out the fact that the witness was no longer connected with the office of the prosecuting attorney, but was engaged in private practice. Many questions were asked concerning three other cases filed by the state against appellant, and finally the following occurred on cross-examination, the first question referring to investigations which the witness had made in connection with the institution of prosecutions against appellant:

"Q. That investigation was carried on the latter part of September or the 1st of October last year? A. Yes, I believe near about to then. Q. That was prior to the general election in which your superior officer, Mr. B. Gray Warner, was a candidate for prosecuting attorney? A. As I remember this case,—as I remember, after the election, I believe we filed this case in superior court with two counts. Q. When the incumbent, as prosecuting attorney and his former deputy, Henry Clay Agnew, his former deputy was running against him on the Republican ticket? A. That is not true. This case was started when Eraine's father came in and said that he could not see his

daughter. I was assigned to the case from then on. Q. The first thing done was to come out with a statement published in the newspapers next day to the effect that Mr. Agnew was present at a party held the night of the primary election at Doctor de Gaston's offices where this alleged suicide took place? A. I came out with no such statement. The first thing I did was to go to the Martin Hospital with the father of the girl and had her taken to Harborview where she could have proper treatment and her life was saved. Q. There was such a story in the papers, was there not? MR. SCHERMER: The papers are the best evidence of that. MR. HARDY: I am on cross-examination. I don't have to produce any newspapers. A. I believe there was. I have got all the clippings at home. Q. As a matter of fact, the primary reason of filing four cases,—the four cases to which I have alluded, and the attempt of the prosecuting attorney's office to bring them to a hearing prior to the general election last fall was an attempt, was it not, to obtain some publicity that might be used in the campaign? A. It was not. The primary reason was to bring this man to justice. Q. As a matter of fact, bail was furnished in the sum asked by you and agreed to by you, with the exception of the time you filed this so-called rape charge,—ten thousand dollars,—that sum was not furnished. Later on you joined in my motion to reduce that to one thousand dollars? A. That was after I found out he was really sick. Q. What was there about the man's going to a hospital that made you believe he was leaving the jurisdiction of the court? A. The first thing that made me suspicious about it, before the preliminary hearing you came in waving a telegram and said you had to leave the city,—I didn't know what was going on."

On redirect examination, counsel for the state propounded many questions to the witness as to what he had done in connection with his investigations of the facts, the witness finally stating that all of the information which he procured came from Eraine Franzen, who had been appellant's office employee for some

time. Appellant objected to the witness relating any statements made to him by Miss Franzen, on the ground that it constituted hearsay testimony. Objection was also made upon the ground that, Miss Franzen having been appellant's confidential employee, matters passing between appellant and her were privileged. Finally, after considerable argument, and over appellant's objection, the witness testified:

"Yes, I heard from Miss Franzen that Mr. de Gaston would take people as far along having a child as six months, and she would take the child in many cases after he had acted, he would take it apart and she would take it to the back part and flush it down the women's toilet in pieces."

Appellant moved that this testimony be stricken and the jury instructed to disregard it, which motion the court denied. The case proceeded to trial, with the result above stated.

Upon his motion for a new trial, appellant contended that the court had erred in admitting the testimony above referred to, and contends here that the admission of this testimony constitutes reversible error entitling him to a reversal of the judgment appealed from.

Respondent, arguing that the court did not err in admitting the testimony of which appellant complains, relies upon the general rule, several times followed by this court, to· the effect that if, upon cross-examination of a witness, a portion of the conversation upon a particular subject matter is brought out, the opposing party, on redirect examination, may ask the witness to relate the entire conversation. This rule does not apply to the question argued on this appeal. No question is presented concerning any portion of a conversation with anyone.

On direct examination, Mr. Peters testified at con-

siderable length concerning investigations which he made prior to filing the charge against appellant. In answer to a direct question, the witness denied that his primary reason for filing the charges against appellant was to create political capital to be used in the coming election, and stated that charges were filed for the purpose of bringing appellant to justice. Assuming, without deciding, that, upon this state of the evidence, respondent might, upon redirect examination, ask the witness further questions concerning his motives in filing the charges, the question to be here determined is whether or not the witness' testimony concerning statements made to him by Miss Franzen concerning matters not connected with the charge upon which appellant was being tried, admitted over appellant's objection, constitutes reversible error.

In the case of *State v. Devlin,* 145 Wash. 44, 258 Pac. 826, an appeal from a judgment of guilty of the crimes of murder and robbery, the judgment of conviction was reversed and a new trial ordered, because of the admission of certain testimony over the appellant's objection. A witness on behalf of the state, who was present at the time of the commission of the crime, identified the appellant as one of the criminals. The witness was cross-examined extensively as to this identification, which was a matter of great importance. He testified that he had seen the appellant while the latter was confined in jail, and that he had also been shown a picture of the appellant. The testimony of the witness was not clear as to whether he first identified the appellant from the picture or when he saw him at the jail. On redirect examination, the witness was asked where he saw the picture, and over appellant's objection was allowed to answer, stating that he saw the picture in the rogues' gallery. Appellant

moved to strike the answer as prejudicial, and the motion was denied. This court held that the admission of the testimony was error and prejudicial, appellant having seasonably objected and called the attention of the court to the dangerous nature of the testimony sought to be elicited. In determining the question, this court considered many authorities, which are referred to in the opinion. In summing up the matter, this court said:

"In our opinion, the redirect examination complained of was improper, and we have no doubt of its prejudicial effect. The matter was wholly disconnected from, and foreign to, the issues to be decided. It was too well calculated to lead the jury into the belief that they were dealing with a criminal already so notorious as to demand the vigilance and services of the police and detectives of the country, and thereby lessen the jury's sense of responsibility or excuse that calm and faithful deliberation which should, at all times, prevail in the trial of one accused of such atrocious crimes."

Prior to giving the testimony above quoted, Mr. Peters, on direct examination, was asked if, at the time the case was filed, he had any other knowledge of appellant's activities with reference to abortions. To this question, appellant's counsel objected, on the ground that the question referred to other transactions not connected with the case on trial. Replying to this objection, counsel for the state argued that, while it was a general rule that extraneous matters could not be shown, because appellant's counsel had asked the witness concerning a possible motive in filing charges against appellant, the witness was entitled to relate everything he knew or had heard concerning the matter, whether hearsay or not. Appellant's counsel answered this argument, clearly stating his position that the witness should not be permitted to testify at large, and that such testimony would probably be

highly prejudicial. The matter being thus clearly presented to the court, appellant's objection was overruled.

We are convinced that the trial court erred in overruling appellant's objection to the question propounded to Mr. Peters. The witness had denied any political motive in instituting the prosecutions against appellant, and had stated positively that his only desire in so doing was to bring a guilty man to justice. Some authorities hold that, when a witness denies bias or prejudice, the matter ends there, and further questions may not be asked to elucidate the situation; but without going so far as that, we are clearly of the opinion that the court erred in admitting, over appellant's objection, hearsay testimony of a highly prejudicial nature concerning other offenses which a third person had described to the witness.

Among other things, appellant was evidently endeavoring to show by cross-examination that, for political purposes, the witness was anxious to hurry to trial charges which had been filed against appellant. This matter had no particular bearing upon appellant's guilt or innocence, nor upon the opinion of the witness upon that question.

In the case of *State v. Lee*, 46 Ore. 40, 79 Pac. 577, the supreme court of Oregon granted a new trial on appeal from a judgment of guilty of the crime of larceny. It appeared that a witness for the state gave material testimony, and on cross-examination was asked whether his feelings toward the defendant were friendly, to which the witness replied in the negative. He was then asked:

" 'You and Mr. Boyd are known to be the enemies of Mr. Lee?' and answered, 'I don't know how it is known. Q. What is the fact about it? A. I don't bear him any ill will, only it is the general supposition up

there'—Here objection was made to the witness further answering the question, but it was overruled, and he continued: 'That Mr. Lee has been getting away with cattle. There has been a good many cattle missing up there for years, and for that reason I have no particular friendship for him, or any one else that is in that kind of business.' "

The defendant's motion to strike the testimony was denied, the trial court being of the opinion that the witness had a right to explain his feeling toward the defendant. The supreme court held that the trial court had erred, because the evidence objected to tended to show the commission by the defendant of crimes other than the one charged against him, or to prove his general bad character.

In the case of *Hefner v. State*, 66 S. W. (Tex. Crim. App.) 841, the court of criminal appeals of Texas granted a new trial from a conviction of the crime of rape. It appears that a witness for the state testified that the women residing in defendant's neighborhood were afraid of him. It was urged that the testimony was properly admitted, for the reason that, upon cross-examination, the defendant had asked the witness if he had not been trying to get the defendant out of the country prior to the filing of the charge, etc., all of which the witness denied. The witness was also asked on cross-examination if he and others had not been endeavoring to get the defendant out of the community, to which the witness answered in the affirmative. Notwithstanding the wide range taken by the cross-examination of the witness, the appellate court held that the state's witness should not have been allowed to testify to the sentiments of the defendant's female neighbors antagonistic to defendant.

In the case of *State v. Donnell*, 128 Me. 500, 148 Atl. 747, the supreme judicial court of Maine held that the testimony of a physician as to statements made to him

by a woman, since deceased, to the effect that she supposed that if she went back to the man who had performed an operation upon her, he would take care of her, was objectionable as hearsay and inadmissible in a prosecution for attempted abortion resulting in death.

In the case of *Wright v. United States,* 288 Fed. 428, the court of appeals of the district of Columbia held inadmissible a written statement which the court held was, in fact, a hearsay accusation against the accused, granting a new trial for error in admitting the evidence.

The cross-examination of the witness by appellant's counsel was conducted in an orderly manner; questions were not repeated; nor does it appear that questions propounded were other than straightforward questions, which were fully and completely answered by the witness. Mr. Peters' testimony as to statements made to him by Miss Franzen was certainly highly prejudicial to appellant's case. Whether or not Miss Franzen was present at the trial and testified, does not appear from the record. Her name is endorsed upon the information as a witness for the state. Appellant was content to rest his appeal upon the evidence of one witness, and evidently the state was content to meet appellant upon the ground which the latter had chosen.

Upon the record before us, we hold that the trial court erred in admitting the testimony of which appellant complains, and in refusing to strike the same and instruct the jury to disregard it.

The judgment appealed from is reversed, with directions to grant appellant a new trial.

BLAKE, C. J., STEINERT, GERAGHTY, and JEFFERS, JJ., concur.