J. EDWIN KIRBY and JOSEPH G. LOANE, trading as
J. EDWIN KIRBY & Co. *vs.* THE CITIZENS' RAIL-
WAY COMPANY.

*Paramount right of the City of Baltimore over its Streets for*
*the purpose of constructing Sewers—The use of a street for*
*Railway purposes subject to such Paramount right—Dam-*
*num absque injuria.*

On a bill for an injunction to restrain the appellants from removing the rail-
way tracks of the appellee on a portion of Carey street in the City of Balti-
more, the object of such removal being to construct a sewer under the bed
of said street in pursuance of a contract made by the appellants with the
City authorities, it was HELD:

1st. That the power to construct sewers was expressly conferred on the Mayor
and City Council of Baltimore, by section 835, of Article 4, of the Code of
Public Local Laws.

2nd. That in the exercise of this power they had the right not only to ob-
struct, but to discontinue entirely the use of Carey street as a highway, so
long as it might be necessary for the purpose of constructing a sewer under
the bed of the street.

3rd. That the easement acquired by the appellee under its charter, and the
Ordinances of the Mayor and City Council, was subject to this *paramount*
*right*, and in constructing its railway the appellee knew, or was bound to
know, that its use of the bed of the street for railway purposes, was liable
at any time to be interfered with, whenever the City authorities might deem
it necessary for the public welfare.

4th. That the power being lawful in itself, it could only become unlawful in
consequence of the mode in which it was carried into execution. It was
apparent from the bill that the sewer could not be constructed without
interfering with the railway track, and whatever injury might result there-
from must be regarded in law as "*damnum absque injuria.*"

APPEAL from the Circuit Court of Baltimore City.

The appellee under its charter, (Act of 1870, ch. 438,) and the ordinances of the city of Baltimore, laid down its railway tracks through certain streets in said city, and among others through Carey street, between Fayette street and Lafayette Avenue, and for some years had been exercising the easement of running its cars over said tracks. The appellants under a contract with the Mayor and City Council, were about to construct a sewer under the bed of Carey street, between Fayette and Mulberry streets, and gave notice to the appellee of this purpose, the effect of which would be to remove the tracks from the street and stop the operation of the railway during the time required for the completion of the sewer. The appellee thereupon filed a bill for an injunction to prevent the appellants from removing the railway tracks of the complainant from the bed of Carey street between Fayette and Mulberry streets, and from interfering with the use thereof by the complainant, for the passage of its railway cars and the horses propelling the same.

The bill averred that said sewer could be constructed on said street without the removal therefrom of said railway tracks or obstructing the same, either by shoring up said tracks in their present position, or by removing them to one side of said street; that both modes were perfectly feasible; and the complainant was willing that the latter plan should be adopted, provided it be done at the expense of the defendants. The Court, (GILMOR, J.,) granted the injunction. The defendants answered the bill, and took an appeal from the order granting the injunction.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*John V. L. Findlay*, for the appellants.

*Frank Gosnell* and *Thomas M. Lanahan*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellee is the owner of a horse railway on Carey street, and the appellants being about to construct a *sewer* under the bed of the street in pursuance of a contract with the Mayor and City Council of Baltimore, the question is whether the appellee is entitled to an injunction to restrain them from removing the railway tracks, or from otherwise interfering with the appellee's use of said street for railway purposes.

The power to construct sewers, is expressly conferred on the City authorities, by sec. 835, of Art. 4, of the Code of Public Local Laws.

In the exercise of this power, they have the right not only to obstruct, but to discontinue entirely the use of Carey street as a highway, so long as it may be necessary for the purpose of constructing a sewer under the bed of the street.

The *easement* acquired by the appellee under its charter and the ordinances of the Mayor and City Council, is subject to this *paramount right*, and in constructing its railway, the appellee knew or was bound to know, that its use of the bed of the street for railway purposes, was liable at any time to be interfered with, whenever the City authorities might deem it necessary for the public walfare.

They had no right of course to interfere capriciously or unnecessarily with the appellee's use of the street; but they were under no obligation to incur the expense either of *shoring up the railway track, or removing it to the one side of the street.*

The power then being lawful in itself, it could only become unlawful in consequence of the mode in which it was carried into execution. It is apparent from the bill that the sewer could not be constructed without interfering with the railway track of the appellee, and whatever injury may result therefrom, must be regarded in law as " *damnum absque injuria.*"

The fact that the sewer was being constructed by the appellants under a contract with the City authorities, does not affect the question. The order therefore granting the injunction must be reversed and the bill dismissed.

*Order reversed and bill dismissed.*

