Argued October 7, decided October 14, rehearing denied December 2, 1913.

## WARREN v. ASTORIA.*

(135 Pac. 527.)

**Municipal Corporations—Streets—Negligence—Liability.**

A municipal corporation is not liable for mere consequential injuries resulting from ordinarily careful administration of a reasonably prudent plan of street improvement devised by it in its governmental capacity; but, in the execution itself of any public works, it acts ministerially, or in its corporate character, and for its negligence or maladministration in that relation, resulting in an injury to the rights

*As to the liability of a municipality for injuries inflicted by negligence of employees engaged in repair or construction of highways, see notes in 6 L. R. A. (N. S.) 1090 and 30 L. R. A. (N. S.) 1161.
                                                                    REPORTER.

of another, it is liable in the same way and for the same reason as a natural person or private corporation would be under the same circumstances.

From Clatsop: James U. Campbell, Judge.

En Banc.  Statement by Mr. Justice Bean.

This is an action by F. L. Warren against the City of Astoria to recover damages caused by the negligent acts of the defendant city in the construction of a grade of Irving Avenue.  The cause was tried before a jury, and a verdict rendered in favor of plaintiff, and defendant appeals.                              Affirmed.

For appellant there was a brief over the names of *Mr. A. W. Norblad,* City Attorney, *Mr. John F. Hamilton* and *Mr. E. E. Gray,* with an oral argument by *Mr. Hamilton.*

For respondent there was a brief and an oral argument by *Mr. George C. Fulton.*

Mr. Justice Bean delivered the opinion of the court.

The facts upon which the case is based and the law governing it are practically the same as in the case of *Giaconi* v. *Astoria,* 60 Or. 12 (113 Pac. 855, 118 Pac. 180).  The injury of which complaint is made was caused in the same manner and by the same acts, but to different property.  It is therefore unnecessary to further discuss the law of the case.  After an exhaustive discussion of the authorities, the rule is plainly announced by Mr. Justice Burnett, on page 34 of 60 Or. (on page 184 of 118 Pac.), of that opinion as follows:

"From the weight and reason of the precedents, the rule may be thus stated: A municipal corporation is not liable for mere consequential injuries resulting from ordinarily careful administration of a reason-

ably prudent plan of street improvement devised by the municipality in its governmental capacity; but, in the execution itself of any public works, the city acts ministerially, or, in the words of the statute, 'in its corporate character and within the scope of its authority,' and for its negligence or maladministration in that relation, resulting in an injury to the rights of another, it is liable in the same way and for the same reason as a natural person or private corporation would be under the same circumstances of executive management.''

The defendant complains of a portion of the instructions given by the court to the jury. The court instructed the jury in effect that if, in the construction of the improvement made by the city, the city was negligent, and failed to take reasonable means to prevent injury to plaintiff's property, and proceeded to make the fill without an examination of the foundation, and without providing reasonably safe foundation for the fill, and the plaintiff's property was directly injured thereby, the city would be liable; that, when it became apparent that the placing of additional earth on the street would cause the ground to slide, and injure the plaintiff's property, it was the duty of the defendant to cease work, and if it continued placing additional earth thereon, and damage was caused thereby, under such circumstances it would be liable.

After a careful reading of all the instructions, we think the same, taken as a whole, fairly presented the law as decided by this court in the Giaconi case. Tested by the opinion in that case, there is no error in the record.

The judgment of the lower court is affirmed.

                                        AFFIRMED.

MR. JUSTICE MOORE dissents.