Argued January 8, decided January 20, rehearing denied February 17, 1914.

# PACIFIC LAUNDRY CO. *v.* PACIFIC BRIDGE CO.

(138 Pac. 221.)

**Municipal Corporations—Public Improvements—Damages.**

1. A contract waiving objections by the owners of property to the construction of a fill in a street with sloping embankments extending over the property, after which the city notified contractors for the construction of the fill that they should protect adjacent buildings, did not authorize the making of the fill in a negligent manner, or so as to unnecessarily injure buildings on the adjacent property.

**Trial—Conduct in General—Remarks by Court.**

2. In an action against a city and contractor for the collapse of a building caused by negligence in making a fill in a street, remarks of the judge that, if the city knew that the work could not be done without undermining the building, both defendants are liable if there has been no waiver of the plaintiff's rights, or, if the work properly done would not have undermined the building, but they did it carelessly, and did undermine it, there is liability, are not ground for reversal of a judgment against the contractor.

    [As to liability of cities for negligence and other misconduct of their officers and agents, see note in 30 Am. St. Rep. 376.]

**Appeal and Error—Review—Burden of Showing Error.**

3. A bill of exceptions must point out error in the admission of evidence, and make it plain that under no combination of circumstances could the testimony have been admissible.

**Appeal and Error—Review—Presumptions—Matters not Shown by Record.**

4. Where the evidence in the record on appeal on behalf of plaintiff showed a plain duty of defendant in making a fill in a street

to protect the buildings of plaintiff, and a disregard of that duty, the Supreme Court will not assume, in the absence of the remainder of the testimony, if any, that it contradicted that given by plaintiff.

**Appeal and Error—Review—Harmless Error.**

5.  Where the evidence showed a plain duty of defendant to protect plaintiff's property in making a fill in a street and a disregard of that duty, the admission of evidence that defendant settled a claim for damages to buildings on the opposite side of the street could not have injured defendant.

**Municipal Corporations—Public Improvements—Damages.**

6.  A city contractor, employed to make a fill in a street, is liable for exemplary damages for an injury to the building of an adjacent owner, if done recklessly and wantonly, and without regard to the right of the owner.

From Multnomah: HENRY E. McGINN, Judge.

Department 2.  Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action by the Pacific Laundry Company, a corporation, against the Pacific Bridge Company, a corporation, and the City of Portland, to recover damages for an injury to plaintiff's building and business, which plaintiff claims was the result of the negligent acts of defendants in the construction of a fill upon a street adjacent to plaintiff's building.  The conceded facts are: Plaintiff is the owner of certain property upon which a building is located; said building being used for conducting the business of a laundry.  The building and property is situated near, but not abutting upon Second Street, between Sheridan and Arthur Streets.  In June, 1911, the City of Portland entered into a contract with the Pacific Bridge Company, whereby the latter agreed to improve said street. The street at this place crosses a gulch, and the improvement consisted, among other things, of depositing earth and other material so as to fill the street to the established grade.  For the purpose of avoiding the expense of constructing retaining walls, the city obtained from the adjacent property owners, including plaintiff, an agreement or waiver whereby they

gave and granted "unto the City of Portland the full right, authority, and privilege to place said sloping embankments upon our said real property." Plaintiff's building is erected upon wooden piers. While the work of improvement was in progress, some of the piers supporting plaintiff's building gave way, causing a portion of the building to collapse. The case was tried before a jury, which rendered a verdict in plaintiff's favor against the Pacific Bridge Company, but not against the city. The bridge company has appealed, and assigned as error: (1) That the court denied its motion for nonsuit; (2) that the court allowed the evidence to go to the jury tending to show that the bridge company made a settlement with another party, namely, Patrick Murray; (3) that the court prejudiced the bridge company's case by using certain language in the presence of the jury; (4) that the court refused to instruct the jury that the bridge company was not responsible for any damage naturally resulting from carrying out the plans of the improvement; and (5) that the court instructed the jury that exemplary damages might be awarded if certain facts were found. The record brought up to this court consists only of the pleadings and bill of exceptions.

The material portion of the permission or waiver given by plaintiff and other parties to the City of Portland is as follows:

"Whereas, the undersigned are the owners of all of the real property above described, and of all the real property upon which the sloping embankment for said Second Street fill will extend or rest: Now, therefore, we, the undersigned, owners of all the real property above described, do hereby jointly and severally expressly waive all objections of every kind or nature, jurisdictional or otherwise, that might arise or could be interposed by us, or either of us, by reason of the placing of said sloping embankment upon our real

property, or any part thereof, and we hereby give and grant unto the City of Portland the full right, authority, and privilege to place said sloping embankments upon our said real property, and we, and each of us, further undertake and agree to and with the City of Portland that we will not object to the improvement of said Second Street in said proceedings, or object to the assessment of any cost or benefit upon our property by reason of the placing of said sloping embankments upon our real property, as aforesaid.''

In addition to the usual advertisement for bidders, the city inserting the following, which was made part of the plans and specifications and part of the contract with the defendant bridge company:

''Special notice to bidders: Protection of adjacent buildings. The sloping on adjacent property shall be done in a manner so as not to injure or damage any buildings thereon, and the contractor shall include in the price bid, per cubic yard, such expense as may be necessary to protect the adjacent buildings from injury or damage.''

During the trial, the counsel for defendant having read an extract from an opinion of some other court, the presiding judge remarked:

''Oh, yes; that is another one of these cases where the judge is usurping the functions of the jury, and passing upon the facts of the case. That is just what I am against; they have no right to do so, and that is the curse of this whole thing—they have no right to do anything of the kind. Now, if there has been in this case an invasion of the rights of these laundry people, in the undermining of their building there, in that improvement which was done by the contractor, and the city knew this work could not be done without undermining the building of these people, has been done to the damage of these people, why, my view of the case is that both of these defendants are liable—that is, if there has been no waiver of their rights—but, if there has been a waiver, and they permitted the city to do this, then, of course, there has been no trespass com-

mitted, if the work has been properly done, and not negligently or carelessly done. That is, if they had done it properly, it would not have undermined this building; but they did it carelessly, so it did undermine it, then there is liability. I will instruct the jury in regard to that later."

To these remarks defendants' counsel excepted. The defendants' counsel requested an instruction in the following language, which was refused:

"That the defendant the Pacific Bridge Company, the contractor, is only liable for any negligence or carelessness in executing and carrying out the plans of the improvement, and is not responsible for any damage naturally resulting from the carrying out of the plans of the improvement according to the contract."

The court instructed the jury, in substance, that, if they found that the defendants injured the building as charged, and that the injury was done wantonly and recklessly, and without regard to the right of plaintiff, they were at liberty to assess exemplary damages, to which instruction, defendants' counsel excepted. After defendants rested their testimony, plaintiff introduced in rebuttal the testimony of one Patrick Murray, who, under objection of counsel for defendants, testified that he owned property across the street from plaintiff's property, that he had some buildings damaged by the fill made in Second Street, and that the Pacific Bridge Company settled his claim for damages by paying him the sum of $950, to the admission of which defendants' counsel excepted.    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Robert J. O'Neil.*

For respondent, Pacific Laundry Company, there was a brief over the name of *Messrs. Sheppard & Brock,* with an oral argument by *Mr. R. J. Brock.*

For respondent, City of Portland, there was a brief over the names of *Mr. Frank S. Grant,* City Attorney, and *Mr. Lyman E. Latourette,* with an oral argument by *Mr. Latourette.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1. The motion for nonsuit was properly overruled. There was nothing in the so-called waiver that permitted the city to make the fill in a careless or negligent manner, or in such a way as to unnecessarily destroy or injure plaintiff's buildings. The city put this construction on it when it stipulated in the contract with defendant bridge company that "the sloping on adjacent property should be done in such a manner as not to injure or damage any buildings thereon." This was the method contemplated by the city, and the method agreed to and accepted by the defendant bridge company. It was a wise and safe method. Said defendant departed from this part of the city's plan, and from its contract, and constructed its fill without making any attempt to protect plaintiff's buildings from injury, and in a manner indicating a total disregard of plaintiff's rights. There is nothing in the bill of exceptions indicating that the defendant bridge company was executing its contract in accordance with the plans of the improvement. The testimony brought here indicates that it was not so doing, and, in the absence of the whole record, we must assume that there was no evidence to justify such instruction.

2. The exception to the remarks of the court is not well taken, and, so far as these defendants are concerned, correctly states the law.

3–5. In the condition of the record we are unable to say that the court erred in admitting the testimony of the witness Murray. The bill of exceptions must

point out error, and make it plain that under no combination of circumstances could the testimony have been admissible. Even had it been inadmissible, it is difficult to see how it could have injured the defendant. The written testimony here, the waiver, the plans and specifications, and the contract establish a plain duty on the part of the defendant bridge company to carry on the improvement in such a manner as not to injure plaintiff's property, and the oral evidence introduced by plaintiff tends to show an entire disregard of this duty. Here the defendant stops. We will not assume, in the absence of the remainder of the testimony, if any was given relating to the matters above alluded to, that it would have contradicted that given by plaintiff, which, in our opinion, left the jury no alternative but to assess the damages. In this view of the case it is difficult to see how Murray's testimony would have worked any injury.

6. We are of the opinion that the court did not err in instructing the jury concerning their right to give vindictive damages. The jury might well find from the evidence that the injury was caused by the reckless manner in which defendant prosecuted its work, and it did not require an expert to determine that with even slight care no damage would have resulted. "He whose dirt it is must keep it that it may not trespass": *Hodkinson* v. *Ennor*, 4 Best & S. 241.

The judgment is affirmed.    AFFIRMED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.