Argued May 24, reversed June 26, 1917

# PORTLAND GAS & COKE CO. *v.* GIEBISCH.

### (165 Pac. 1004.)

**Municipal Corporations—Injury to Gas-mains from Sewer Construction—Liability.**

1. A gas company could not recover damages to its mains necessarily resulting from construction of a city sewer, since a municipality does not abdicate its paramount right in a street by giving a franchise therein to a public service corporation, and the gas company's franchise was subordinate to the city's control of the streets.

[As to franchise as a privilege, a property or an easement, see note in 131 Am. St. Rep. 864.]

**Municipal Corporations—Construction of Sewer—Duty to Use Care.**

2. A municipality and its contractor are obliged to use reasonable care in construction of sewers and will be liable for damages occasioned by negligence in the performance of the work to property of a gas company consisting of its mains, pipes and appliances situate in the public streets.

**Municipal Corporations—Injury to Gas-mains from Sewer Construction—Liability for Negligence.**

3. Where it was possible to construct sewers without injuring gas-mains, the gas company could recover from a city contractor damages for the latter's negligence resulting in disturbance of mains, leakage of gas and fire.

**Municipal Corporations—Injury to Gas-mains from Sewer Construction—Item of Recovery—Patrolling Streets.**

4. A gas company could not recover from a city contractor a charge for patrolling the streets in which defendants were constructing a sewer, and by whose negligence gas-mains were injured, since, although defendants performed their work with care, plaintiff was chargeable with the duty of patrol and inspection.

**Gas Company's Duty to Protect Property Owners.**

5. It is the duty of a gas company to protect residents and property owners from damage arising from the escape of gas caused by sewer construction interfering with gas-mains.

From Multnomah: ROBERT G. MORROW, Judge.

Suit by the Portland Gas and Coke Company, a corporation, against A. Giebisch and F. Joplin, partners doing business under the firm name and style of Giebisch & Joplin, in which a decree was rendered in the Circuit Court dismissing the complaint and

plaintiffs appealed. Decree reversed and judgment entered for $1,242.91 and costs and disbursements.

Department 1. Statement by MR. JUSTICE MC-CAMANT.

This is a suit brought originally to restrain the defendants from negligent interference with plaintiff's gas-mains in the Montavilla district in the City of Portland. In December, 1913, when the suit was brought, the defendants were engaged in the construction of a sewer in this district, pursuant to a contract given them by the City of Portland. The complaint charges that the work was being done in disregard of plaintiff's rights and to the serious impairment of the service rendered by plaintiff to consumers of gas in the vicinity of the sewer which was under construction. A preliminary injunction was granted by the Circuit Court. The cause was subsequently put at issue and tried out on the question of damages, after the sewer had been constructed. The lower court was of the opinion that the defendants could not be held liable for negligence in performing the work, and the decree dismissed the bill. Plaintiff appeals.            .      REVERSED. JUDGMENT ENTERED.

For appellant there was a brief over the names of *Mr. John A. Laing* and *Mr. H. W. Strong,* with an oral argument by *Mr. Laing.*

No appearance for respondent.

MR. JUSTICE MCCAMANT delivered the opinion of the court.

1. Defendants' brief cites a respectable line of authority to the effect that a municipality does not abdicate

its paramount right in a street by giving a franchise therein to a public service corporation: Booth on Street Railways (2 ed.), § 42; *National Water Works Company* v. *City of Kansas,* 28 Fed. 921; *Kirby* v. *Citizens' Ry. Co.,* 48 Md. 168 (30 Am. Rep. 455); *Scranton Gas Co.* v. *City of Scranton,* 214 Pa. St. 586 (64 Atl. 84, 6 Ann. Cas. 388, 6 L. R. A. (N. S.) 1033); *Gas, Light & Coke Co.* v. *Columbus,* 50 Ohio St. 65 (33 N. E. 292, 40 Am. St. Rep. 648, 19 L. R. A. 510); *City of San Antonio* v. *San Antonio Street Ry. Co.,* 15 Tex. Civ. App. 1 (39 S. W. 136); *Brooklyn Electric Co.* v. *City of Brooklyn,* 37 N. Y. Supp. 560. These authorities abundantly sustain the proposition that plaintiff cannot recover in this cause for any damage which necessarily follows from the construction of the sewer. The City of Portland was within its rights in authorizing such construction and the franchise under which plaintiff maintained its service is subordinate to the paramount control over the streets, vested in the municipality.

2. None of the foregoing authorities on which defendants rely involved charges of negligence. Even if the City of Portland in its corporate capacity had constructed the sewer it would have been bound under the law to exercise due care in the premises and would have been liable for any damages occasioned by its negligence in the performance of the work: *Giaconi* v. *Astoria,* 60 Or. 12 (118 Pac. 180, 37 L. R. A. (N. S.) 1150); *Warren* v. *Astoria,* 67 Or. 603 (135 Pac. 527). A contractor performing the work at the instance of the city is also chargeable with the duty of reasonable care, and is liable in damages for negligence in the performance of the work: *Pacific Laundry Co.* v. *Pacific Bridge Co.,* 69 Or. 306 (138 Pac. 221); *Millville Gas Co.* v. *Sweeten,* 75 N. J. L. 23 (68

Atl. 1067); 6 McQuillin on Municipal Corporations, § 2695; 3 Dillon on Municipal Corporations (5 ed.), § 1243. Even if the City of Portland had had the power to relieve the defendants from their obligation to perform the work with due care it did not attempt to do so in this case. On the contrary, the specifications attached to the contract of the defendants contained the following stipulation:

"The contractor shall at his own expense carefully protect from injury, trees, buildings, telephone, telegraph or light poles; water or gas pipes, conduits, drain culverts, or any other structures, public or private, which are encountered or affected by the work, and shall repair any damage done to the said structures, leaving them in as good condition as they were previous to this interference, and the contractor shall be liable for any damages or claims arising from his interference with said structures."

Plaintiff has a property right in its mains, pipes and appliances, situate in the public streets, and this property right is entitled to protection: 20 Cyc. 1168.

3. The following allegation contained in plaintiff's complaint is admitted by the answer of the defendants:

"Plaintiff alleges that it is practicable for defendants to so dig said sewer ditch as not to injure plaintiff's gas mains, services and property, and not to injure its business, and not to disturb or destroy its service to a large number of the people of the city of Portland, by properly bracing the sides of said ditch as the ditch is being dug and by being careful in its work in and around the services of plaintiff in said streets, the exact location of all of which services and gas mains defendants know and have been informed."

The testimony of the defendant Giebisch also admits that it was possible for the defendants, by properly

shoring up the sides of its ditch, to prevent the earth from sliding and so disturbing the gas-mains of plaintiff. The testimony shows clearly that the work done by the defendants materially interfered with plaintiff's pipes and mains. A number of pipes connecting gas-mains with the houses of plaintiff's patrons were torn out by the defendants. Plaintiff's mains in other cases were left suspended in the air without support from the earth, resulting in leaks and in a fire which threatened great damage and was extinguished with difficulty. A small part of the damage asserted by plaintiff was admitted by the defendants. Bills to the amount of $43.29, presented by plaintiff to the defendants, were approved by H. W. Joplin on behalf of the defendants.

We think that plaintiff is entitled to relief.

4, 5. The damages claimed by plaintiff amount to $1,742.91; they are specified and proved with unusual exactness. Included in the above amount is a charge of $778.69 for patrolling the streets on which defendants were working. An additional charge of 10 per cent for overhead is superimposed on this amount, making the total charge for this purpose $856.56. The evidence fails to satisfy us of the reasonableness of this charge against the defendants. It was the duty of plaintiff to protect residents and property owners in the neighborhood from damage arising from the escape of gas: *Sharkey* v. *Portland Gas etc. Co.*, 74 Or. 327, 331 (144 Pac. 1152, 145 Pac. 660). The sewer constructed by defendants paralleled plaintiff's gas-mains for fourteen blocks; at frequent intervals service pipes ran from the mains to houses. Even if defendants had performed their work with care, plaintiff would have been chargeable with the duty of patrol and inspection. This item of plaintiff's claim

will therefore be reduced by $500.   We are convinced that the remainder is an adequate sum to cover the reasonable expense of such inspection and superintendence as are chargeable to defendants' negligence.

We think that plaintiff should have judgment for its claim, with the above modification.   The decree will therefore be reversed and a judgment entered in favor of plaintiff for $1,242.91, and for the costs and disbursements in this court and in the Circuit Court.

REVERSED.   JUDGMENT ENTERED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.