SINGER ET AL. *v.* WASHINGTON WATER, LIGHT AND POWER COMPANY.

[No. 12,062.    Filed December 16, 1925.]

1. MUNICIPAL CORPORATIONS.—*Franchise granted to a public utility corporation to lay pipes in streets is subject to future regulations requisite to public welfare.*—Public utility corporations, such as water and gas companies, which receive franchises to lay pipes in streets, take the granted privileges subject, in so far as the location of such pipes is concerned, to such future regulations as may be required by the public welfare.    p. 723.

2. MUNICIPAL CORPORATIONS.—*Contractor for street improvement not liable for injuries to pipes of public utility embedded in street, in absence of negligence or wilful injury.*—A contractor for the improvement of a street who, as a part of the improvement, removed a concrete bridge was not liable for

injuries to pipes embedded therein, belonging to a public utility, which had notice of the improvement, in the absence of negligence or a wilful injury. p. 724.

From Daviess Circuit Court; *Milton S. Hastings,* Judge.

Action by the Washington Water, Light and Power Company against Ray E. Singer and others. From a judgment for the plaintiff, the defendants appeal. *Reversed.* By the court in banc.

*Alvin Padgett* and *Arthur Rogers,* for appellants.

*Josiah G. Allen, Elmer E. Hastings, Arthur W. Allen* and *John S. Hastings,* for appellee.

REMY, J.—Action by appellee against appellants for damages. To the complaint appellants answered in three paragraphs. To each paragraph of answer, appellee demurred for want of sufficient facts. The demurrers were sustained, and appellants refusing to plead further, judgment was rendered against them. Action of the court in sustaining demurrers to the several answers is assigned as error.

Material averments of the complaint are: That appellee was the owner of a certain pipe line laid by virtue of a city ordinance under and along a certain street in the city of Washington; that appellee was a public utility company engaged in serving the public, in which service the pipe line in question was utilized; that following proper preliminaries, the board of county commissioners approved a report of viewers and the engineer, and ordered a certain street improved; that in the street, and as a part of it, was a certain old bridge; that the contract called for the removal of the bridge and the building of a new one; that the report of the viewers included clauses making the contractors liable for any damages caused by the repair of the

street; that in removing the bridge, which was a necessary part of the work in repairing the street, appellants, by the use of dynamite, unlawfully and intentionally broke and damaged the pipe line so that the cost of repairing was $222.89, for which sum with interest, judgment is prayed.

Averments of each of the three paragraphs of answer are in all material respects the same, and are: That the proper preliminary steps were taken for the improvement of the street; that no person affected filed written statement of the damage to his property which would be sustained by him because of the proposed improvement; that the improvement was, therefore, ordered without being submitted to a vote; that the removal of the old bridge was a part of the improvement and as such was included in the viewers' report which was left on file in the office of the county auditor, and to which no objection was made by appellee or any other taxpayer; that appellee knew that the pipe line would have to be protected or removed when the old bridge was removed; that the injured pipe line was imbedded in, and was a part of, the old bridge, which was of concrete construction; that the injury to the pipe line was caused by the repair of the street in accordance with the plans and specifications; that appellants used due care in removing the bridge, the use of dynamite being the practical method; and that the damage done to the pipe line was consequential to the proper repair of the street.

It is the theory of each paragraph of answer that appellants are not liable for the damages to the pipe line as demanded by appellee in its complaint, for the reason that appellants, as contractors, without negligence or malice, made the improvement, including removal of the old bridge, in accordance with the plans furnished by the board of commissioners and as called

for by the contract, appellee having had notice of the removal of the bridge as a part of the improvement of the street.

By its action in sustaining demurrers to the several paragraphs of answer, the court held, as a matter of law, that even if appellants used due care in removing the bridge, and the pipe line was broken as a necessary result of the improvement of the street, appellants would, nevertheless, be liable to appellee for the damage. The law is otherwise.

Corporations, such as water and gas companies, which receive franchises to lay pipes in streets, take the granted privileges subject, in so far as the loca-
1. tion is concerned, to such future regulations as may be required in the interest of the public welfare. *New Orleans Gas Co.* v. *Drainage Comm.* (1905), 197 U. S. 453, 25 Sup. Ct. 471, 49 L. Ed. 831. As was said by the Supreme Court of Florida, in *Anderson* v. *Fuller* (1906), 51 Fla. 380, 41 So. 684, 6 L. R. A. (N. S.) 1026, 120 Am. St. 170: "A water company, placing its pipes in the streets under a franchise contract with the city, does so in subordination to the superior rights of the public, through its duly constituted municipal authorities, to construct sewers in the same streets, whenever and wherever the public interest demands; and if in consequence of the exercise of this right, the water company is compelled to relay its pipes, in the absence of unreasonable or malicious conduct, it has no cause of action against the corporation for reimbursement on account thereof."

In *Moffat* v. *Denver* (1914), 57 Colo. 473, 143 Pac. 577, a case involving the same principle as the case at bar, the court in its opinion used the following language: "Placing pipes in the avenue under the franchise granted by the city, * * * did not give the Water Company a vested right to have them remain as

placed and undisturbed.   The rights thus granted were subordinate to the rights of the public therein, and subject to the power of the municipal authorities to make such reasonable changes in the grade or an improvement therein as in their judgment the public interests demanded and required.   Consequently the Water Company is not entitled to be compensated for the expense incurred in removing and reconstructing its pipe line over a new route, which was necessitated by a change of grade and the construction of the subway." To the same effect see *City of New York* v. *Whitridge* (1916), 177 N. Y. Supp. 122; *Kirby* v. *Citizens St. R. Co.* (1877), 48 Md. 168; *Gas Light & Coke Co.* v. *Columbus* (1893), 50 Ohio 65, 33 N. E. 292, 40 Am. St. 648, 19 L. R. A. 510.

In the light of these authorities, we hold that appellee having had notice of the improvement of the street, and that as a part of the improvement the old 2. bridge was to be removed, it was the duty of appellee to protect its pipes which were incased in the old bridge, and in the absence of negligent injury to the pipes, appellant was not liable to appellee for injury to the pipes which resulted from the removal of the bridge.   If the pipe line had been damaged through malice on the part of appellants, a different question would be presented.   We are not, however, called upon to decide that question, and express no opinion in reference thereto.

Action of the court in sustaining the demurrers to the answers was error.

Reversed.