See 5 U. L. A., Sec. 59, p. 277.

---

DAKOTA CENTRAL TELEPHONE COMPANY, Respondent,
v. SHIPMAN CONSTRUCTION COMPANY, Appellant.

(207 N. W. 72.)

(File No. 5230.    Opinion filed January 23, 1926.)

1. Telegraphs and Telephones—Damages—Negligence — Contractor Grading State Highway Not Liable for Damages to Telephone Lines, in Absence of Negligence.

The state, by granting telephone companies right to use highway under Rev. Code 1919, Sec. 9791, did not divest itself of its power to maintain such highway, and, in view of Const., Art. 17, Sec. 4, neither the state nor the contractor grading highway under contract with highway commission is liable to telephone company for damages necessarily done to its line without negligence.

2. Telegraphs and Telephones—Evidence—Evidence Contractor Grading State Highway Was Not Negligent in Damaging Telephone Lines Held Admissible.

In action by telephone company against contractor grading state highway for injury to telephone lines, held, that court erred in refusing to receive evidence tending to show want of negligence, and that notice was given telephone company to remove its lines and wires.

Appeal from Circuit Court, Hutchinson County; Hon. R. B. Tripp, Judge.

Action by the Dakota Central Telephone Company against the Shipman Construction Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Judgment and order reversed, and cause remanded for new trial.

*Byron S. Payne,* of Pierre, and *C. C. Caldwell,* of Sioux Falls, for Appellant.

*H. G .Giddings,* of Mitchell, for Respondent.

Appellant cited: Spencer v. Andrew, 47 N. W. 1007; Cincinnati Inclined Plane R. Co. v. City & Suburban Telegraph Association, 12 L. R. A. 534; County Court v. White, 91 S. E. 350, L R. A. 1917D 660;. Gas Company v. Turner, 84 Pac. 239; State v. Park Commission, 110 N. W. 1121, 9 L. R. A. (N. S.) 1045; 13 R. C. L. 165; Snee v. Telephone Co., 24 S. D. 361; New York R. R. Co. v. Bristol, 151 U. S. 556, 38 L. ed. 269; New Orleans Gas Light Co. v. Drainage Commissioners, 197 U. S. 453, 49 L. ed. 831; Columbus Gas Light & Coke Co. v. Columbus, 33 N. E. 292, A .S. R. 648; Kirby v. Citizens Railroad Co., 30 Am. Rep. 455; Anderson v. Fuller (Fla.), 6 L. R. A. (N. S.) 1026.

Respondent cited: In re Johnson, 138 Cal. 120; Pererin v. Wallace, 129 Cal. 403; Santa Rosa Lighting Company v. Woodward, 119 Cal. 30.

GATES, P. J. Defendant was engaged in grading a portion of the state trunk highway system in Hutchinson county under contract with the state highway commission. As a part of its work it became necessary to grub out trees and stumps. In so doing, by blasting, the poles and wires of plaintiff's telephone line were broken and injured. In this action, which was brought to recover damages therefor, the trial court rendered judgment in plaintiff's favor in the sum of $535.79, and permanently enjoined defendant from tearing down, injuring, or destroying plaintiff's telephone lines located on the public highways in Hutchinson county. Defendant appeals from judgment and from an order denying new trial.

From the rulings on evidence and from the findings, conclusions, and judgment, it would seem that the trial court proceeded upon the theory that the telephone company had a vested

right in the highway superior to the right of the state to construct and maintain highways. The telephone company acquired its rights in the highway pursuant to the statute, now section 9791, Rev. Code 1919, viz.:

"There is hereby granted to the owners of any telegraph or telephone lines operated in this state the right of way over lands and real property belonging to the state, and the right to use public grounds, streets, alleys and highways in this state subject to the control of the proper municipal authorities as to what grounds, streets, alleys or highways such lines shall run over or across, and the place the poles to support the wires are located; the right of way over real property granted in this article may be acquired in the same manner and by like proceedings as provided for railroad corporations."

In County Court v. White, 79 W. Va. 475, 91 S. E. 350, L. R. A. 1917D 660, the court said:

"Respondents seek to justify their refusal to remove their poles and lines on the ground that they do not interfere with public travel on the highway, and that, even if they do interfere with the work of permanently improving the highway, it is, nevertheless, the duty, either of the county court or the contractors to remove and reset the poles and restring the wire in a careful manner. * * * Respondents, owners of the telephone lines, are engaged in the public service, and are occupying a portion of the public right of way with their lines, by virtue of a franchise granted, pursuant to legislative authority, by the county court to their predecessors in title. The right of the public in the highway, for the purpose of travel in the ordinary modes, is a primary and fundamental right and is not limited to that portion only of the right of way heretofore traveled. Respondents have a permissive and subordinate right only, which exists only so long as it does not interfere with the primary and superior rights of the traveling public. Such primary right to occupy any and all parts of the right of way for the purpose of a roadway, necessarily implies the right to widen and improve the traveled portion of the road, whenever it becomes necessary for the better accommodation of the public. This principle was not controverted in the argument. But it was contended that the poles did not interfere with travel in the roadway, and that, being in the way only of the work

of improving the highway, it was, therefore, the duty, either of the county court or of their contractors, to remove them, in a careful manner, at their own expense. This is certainly not the law."

To be sure, that opinion is based in part upon a quoted statute, but we believe the statute was merely declaratory of the law as it was without the express statute.

The case of Granger Tel. & Tel. Co. v. Sloane, 96 Wash. 333, 165 P. 102, was similar to the present case. There a contractor doing work on a public highway was sued by a telephone company f· r damages in causing some of the telephone poles to fall on account of necessary excavations. The work was done under the direction of the county engineer as provided for in the contract, but there was no proof of negligence. The company claimed that its line was lawfully constructed in the highway, and that, under the provisions of the Constitution, the line was protected from being taken for public use without compensation. The court said:

"The argument proceeds upon the theory that, being rightfully in the highway with its telephone poles the county had no right to damage these poles without just compensation being made therefor. It is true that the appellant had a right in the highway by reason of the franchise, but that right is necessarily a qualified right. It cannot be reasonably argued that the county authorities may grant the right to a public service corporation to occupy a highway to the exclusion of the public, or the exclusion of the right of the county authorities to improve the highway so that it may be used by the public. A franchise granted upon a highway such as this would necessarily be qualified by these rights. Where the right is such qualified right, it follows that the county authorities, in the discharge of their duties to control the highway, may keep it in reasonable condition for ordinary use by the public, and the damage which necessarily follows to a licensee from an improvement of the highway would not be a taking or damaging of property within the meaning of the constitutional provision above quoted."

In 13 R. C. L. p. 94, the rule is thus stated:

"It is almost uniformly held that a gas or water company laying its mains and service pipes under the streets of a municipality acquires no vested right to an undisturbed location but holds

subject to the paramount right of the public to make such changes in the surface and subsoil of the street as may be required by the public interest; and hence any damage inflicted without negligence on the owner of the mains and pipes in the prosecution of a public improvement under the direction of the proper authorities is, in the absence of a statute or an express contract allowing recovery, damnum absque injuria."

In Incorporated Town of Spencer v. Andrew, 82 Iowa, 14, N. W. 1007, 12 L. R. A. 115, the court said:

"The paramount purpose of maintaining streets and alleys is for public travel, and all other uses must be subordinate thereto."

See, also, Cincinnati Inc. Plane R. Co. v. City and Sub. Tel. Ass'n, 48 Ohio St. 390, 27 N. E. 890, 12 L. R. A. 534, 29 Am. St. Rep. 559; Anderson v. Fuller, 51 Fla. 380, 41 So. 684, 6 L. R. A. (N. S.) 1026, 120 Am. St. Rep. 170; Kirby v. Citizens' Ry. Co., 48 Md. 168, 30 Am. Rep. 455; Portland Gas & Coke Co. v. Giebish, 84 Or. 632, 165 P. 1004, L. R. A. 1917E, 1092; 13 R. C. L. 98. See, also, notes in L. R. A. 1917D, 663, and L. R. A. 1917E, 1094. Indeed in the dissenting opinion in Dak. Cent. Tel. Co. v. Spink County Power Co., 42 S. D. 448, 176 N. W. 143, analogous principles were considered, and it was made plain in the majority opinion that the dissenting opinion would have prevailed save for the statute there in question.

[1] We are of the opinion that in granting the right to telephone companies to use the highways (now section 9791, Rev. Code 1919), the state did not divest itself of its power to construct and maintain highways, nor did it make such power subordinate to the grant. In view of this state of the law, and in view of the provision in Const. art. 17, Sec. 4, "and the exercise of the police power of the state shall never be abridged or so construed as to permit corporations to conduct their business in such manner as to infringe the equal rights of individuals or the general well-being of the state," we will not presume that the legislature intended that the state should be liable to the telephone company for damage necessarily done to its lines without negligence.

It follows, of course, that, if the state was not liable, this defendant was not liable, in the absence of negligence. Granger Tel. & Tel. Co. v. Sloane, supra. In this case the court found:

"That in the conducting of said work of removing said trees and stumps the said defendant paid no attention to the poles and telephone wires of the plaintiff, but caused and allowed trees to fall upon and against poles and wires, breaking off the poles, breaking the wires, disabling plaintiff's telephone service, and causing plaintiff damage and expense in the repair thereof."

[2] If that was intended as a finding of negligence, then it is at least doubtful if it is supported by the evidence, but in any event the court erred in declining to receive evidence tending to show want of negligence, and tending to show that notice was given to the telephone company of the work to be done, and that the telephone company was requested to remove its poles and wires so that proper grading might be done.

The judgment and order appealed from are reversed, and the cause is remanded for a new trial.