Argued January 26, reversed and remanded March 12, 1970

# STATE OF OREGON, *Respondent, v.*
## DELORES THOMPSON,
### *Appellant.*

465 P2d 914

*Dennis W. Skarstad,* Portland, argued the cause for appellant. With him on the briefs were Lent, York, Paulson & Bullock, Portland.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Jacob B. Tanzer, Solicitor General, and Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

## BRANCHFIELD, J.

Defendant was indicted by the grand jury of Multnomah County for the crime of illegal possession of narcotics. Upon trial, she was found guilty by a jury and was sentenced.

The car in which defendant was a passenger was stopped by the Portland police in connection with a traffic violation. The defendant was detained while the police made a "record check." It was found that the police had a warrant outstanding for her arrest. When she was arrested, a marihuana cigarette was confiscated from her. It is this marihuana which occasioned the present charge.

At the trial, the prosecuting attorney declared in his opening statement:

"* * * And the facts will show that this defendant had several knives on her person."

Defendant moved for a mistrial as the result of that statement. She assigns as error the court's denial of her motion.

At the conclusion of defendant's motion for a mistrial, the court said:

"* * * It's highly prejudicial, Mr. District Attorney. Why did you tell that to the jury?"

No instruction was given to the jury to disregard the prejudicial statement until the close of the case.

No evidence was introduced concerning the knives found on the defendant. The mention of knives was not relevant to the charge in the indictment.

In *State v. Long,* 195 Or 81, 112, 244 P2d 1033 (1952), the court said:

"We now turn to the law which controls decisions as to the issues now under consideration. The general rule is clear. In the trial of a criminal case, evidence concerning other distinct crimes in no way connected with that for which the defendant is on trial, is inadmissible. *State v. Houghton,* 43 Or 125, 71 P 982; *State v. McClard,* 81 Or 510, 160 P 130; *State v. Casey,* 108 Or 386, 213 P 771, 217 P 632. The meaning of the rule should be determined in the light of the generally accepted reason for its existence, which is, that the prosecution should not be permitted to show that the defendant committed other crimes 'for the sole purpose of blackening his reputation and thereby rendering it easier for the jury to reach a verdict of guilty.' *State v. Bailey,* 179 Or 163, 176, 170 P2d 355. Further reasoning supporting the general rule is found in *State v. Start,* 65 Or 178, 132 P 512."

After stating the general rule, the court in *Long* recognized that there are a number of exceptions to it, pointing out that the state is entitled to the benefit of any evidence which is relevant to the issue, even though it concerns the commission of collateral crimes. In that opinion the court thoroughly discourses upon this and other exceptions.

The comment by the prosecuting attorney in this case does not fit within any of the exceptions recognized in *State v. Long,* supra. The possession of knives was unconnected to the crime of possession of marihuana. It would not have been permissible to intro-

duce evidence concerning the knives, therefore the comment by the prosecuting attorney should not have been made. The trial court recognized that the comment was "highly prejudicial" but he did not admonish the jury to disregard it until the close of the case. The jury therefore had before it, throughout the entire trial, the concept of a defendant armed with knives. The jury could well have gained the impression that defendant was a bad person who ought to be convicted, and it is impossible to say that this impression did not color the jurors' thinking and contaminate the verdict.

At the time the motion for mistrial was made, the court did not know whether knives were relevant to the case. As soon as it became evident that the knives could not be connected up with the charge against the defendant, the court should have taken action. If it was early enough in the case to prevent irreparable damage to the defense, the jury should have been warned to disregard the improper remark. But if the case had by then proceeded to the point that a cautionary instruction could no longer fully counteract the statement, the court should have granted a mistrial. *State v. Moore,* 32 Or 65, 48 P 468 (1897).

Reversed and remanded.